**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10356 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00736-RCC-JR-1 |
| v. | |
| EZEQUIEL BENJAMIN SOLIS-FLORES, AKA Benjamin F. Solis, AKA Benjamin Solis-Flores, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief District Judge, Presiding

Submitted June 12, 2014[**]
San Francisco, California

Before: SCHROEDER, GRABER, and BYBEE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ezequiel Benjamin Solis-Flores appeals the sentence imposed following his guilty plea to illegal reentry after deportation in violation of 8 U.S.C. § 1326. We have jurisdiction to review under 28 U.S.C. § 1291, and we affirm.

Solis-Flores argues that he was entitled to an additional one-point reduction under U.S.S.G. § 3E1.1(b) for acceptance of responsibility, even though he did not waive his appellate rights. The district court, however, already awarded the additional one-point reduction.

Solis-Flores also contends that the district court erred in applying a 16-level enhancement for a prior conviction of a felony crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Although Solis-Flores conceded that the underlying conviction was a felony on its face, he now asserts that the facts supporting the conviction do not satisfy the requirements for the felony portion of the state statute. Wash. Rev. Code § 9A.46.020(2)(b). This amounts to a collateral attack on his prior conviction that may not be maintained at sentencing. *United States v. Burrows*, 36 F.3d 875, 884–85 (9th Cir. 1994). The district court did not err in imposing the 16-level enhancement.

**AFFIRMED**.